UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALICIA GANNON,

                        Plaintiff,                    **COMPLAINT**

                - against -

THE CONDÉ NAST PUBLICATIONS INC. LONG
TERM DISABILITY PLAN, THE CONDÉ NAST        04 CV 2160 (RCC)
PUBLICATIONS INC. and AETNA LIFE
INSURANCE COMPANY,                              ECF CASE

                        Defendants.
------------------------------------------------------------------------x

        Plaintiff ALICIA GANNON, by her attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

        1.        This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq.*, and specifically 29 U.S.C. 1132(a)(1)(B).

        2.        Jurisdiction is vested in this Court pursuant to 28 U.S.C. 1331 and 29 U.S.C. 1132(e)(1) and (f).

        3.        Venue is proper pursuant to 29 U.S.C. 1132(e)(2), both because the subject breach took place in the Southern District of New York, and because one or more defendants reside or may be found in the Southern District of New York.

## THE PARTIES

        4.        Plaintiff ALICIA GANNON ("GANNON") is a natural person and a citizen of the Commonwealth of Pennsylvania, residing at 3217 Trexler Boulevard, Allentown, Pennsylvania.

        5.        Upon information and belief, at all times hereinafter mentioned, defendant THE CONDÉ NAST PUBLICATIONS INC. LONG TERM DISABILITY PLAN (the "PLAN") was and

is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. 1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, defendant THE CONDÉ NAST PUBLICATIONS INC. ("CONDÉ NAST") was and is the "plan administrator" of the PLAN, as defined by 29 U.S.C. 1002(16)(A).

7. Upon information and belief, at all times hereinafter mentioned, defendant AETNA LIFE INSURANCE COMPANY ("AETNA") was and is a Connecticut corporation duly authorized to write insurance in the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, AETNA was the "claims administrator" of the PLAN.

## BACKGROUND

9. In September 2002, while employed as a senior graphic designer for defendant CONDÉ NAST, GANNON began to experience problems with her vision which, as determined through an MRI conducted in November 2002, were caused by a meningioma affixed to her right optic nerve.

10. GANNON stopped working in May 2003, and began a course of radiotherapy the following month.

11. In September or October 2003, GANNON submitted a claim for long term disability benefits under the PLAN.

12. By letter from AETNA dated March 5, 2004, GANNON was advised that her claim was denied on the basis that she was not disabled (as defined by the PLAN).

13. By letter dated August 23, 2004, GANNON timely appealed AETNA's denial.

14. By letter dated October 27, 2004, GANNON's appeal was denied.

15. GANNON has exhausted her administrative remedies.

## **AS AND FOR A FIRST CAUSE OF ACTION**

16. GANNON repeats and reiterates paragraphs "1" through "15," as if fully set forth at length herein.

17. Both the decision to deny GANNON's claim for long term disability benefits, and the appeal decision affirming the denial, were and are erroneous and in violation of GANNON's rights under ERISA.

18. Accordingly, defendants are liable to GANNON for the sum of all long term disability benefits wrongfully withheld from her since November 2003, together with prejudgment interest at a rate to be established by the Court.

19. Additionally, GANNON is entitled to have her long term disability claim approved.

20. Lastly, GANNON is entitled to attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1).

**WHEREFORE** GANNON demands judgment:

(i) awarding her the sum of all long term disability benefits wrongfully withheld from her since November 2003, together with prejudgment interest;

(ii) declaring that she is entitled to have her claim for long term disability benefits approved;

(iii) awarding her attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

MCCORMICK DUNNE & FOLEY

By:   s/ _____
      Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 2100
New York, New York  10006
(212) 363-1300